Paul W. Shakespear, Esq.
Nevada Bar No. 10752
Aleem A. Dhalla, Esq.
Nevada Bar No. 14188
Christian P. Ogata, Esq.
Nevada Bar No. 15612
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: pshakespear@swlaw.com
       adhalla@swlaw.com
       cogata@swlaw.com

*Attorneys for Defendants Monument Title Insurance, Inc. and Ronald A. Motzkus*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Peter Poll,<br><br>　　　　　　Plaintiff<br><br>vs.<br><br>Ronald A. Motzkus and Monument Title Insurance, Inc.,<br><br>　　　　　　Defendants | Case No.: 2:21-cv-01591-JCM-DJA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendants Monument Title Insurance, Inc. ("Monument") and Ronald A. Motzkus ("Motzkus"), by and through their counsel of record, Snell & Wilmer L.L.P., hereby file their reply in support of their motion to dismiss [ECF No. 4] ("Motion") Plaintiff Peter Poll's ("Plaintiff") First Amended Complaint (the "Complaint").

Dated: October 18, 2021

　　　　　　　　　　　　　　　　　　　　SNELL & WILMER L.L.P.

　　　　　　　　　　　　　　　　　　　　By: /s/ *Christian P. Ogata*
　　　　　　　　　　　　　　　　　　　　　　Paul W. Shakespear, Esq.
　　　　　　　　　　　　　　　　　　　　　　Aleem A. Dhalla, Esq.
　　　　　　　　　　　　　　　　　　　　　　Christian P. Ogata, Esq.
　　　　　　　　　　　　　　　　　　　　　　3883 Howard Hughes Parkway, Suite 1100
　　　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89169
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Monument Title Insurance, Inc. and Ronald A. Motzkus*

4819-7978-7261

## I. INTRODUCTION

This case stems from Plaintiff's unsupported belief that he is entitled to an interest in a company that was never formed. The Complaint asserts a variety of theories that are tethered together by conclusory and confusing allegations. Regrettably, his response does little to clarify what his claims—or the facts underpinning those claims—are. This Court should dismiss the Complaint because it fails to meet this Court's pleading standard. And should this Court grant Plaintiff leave to amend, it should do so narrowly.

First, Plaintiff urges this Court to consider the adequacy of his Complaint based on an outdated legal standard. While generally tit-for-tat disputes over legal standards become superfluous, Plaintiff's reliance on an abrogated standard produces a misguided defense of his conclusory allegations. Plaintiff's belief that he may merely allege the elements of a claim and need only put Defendants on notice of issues that he may raise later is thus misplaced.

Second, Plaintiff's unjust-enrichment claim stems from a host of conclusory allegations that he was an employee entitled to a certain commission-based pay structure. But Plaintiff fails to explain why he is entitled to that pay structure, what work he performed, or why an alleged pay reduction meets the threshold of an unjust-enrichment claim. He also does not allege any facts that demonstrate that he was anything more than an independent consultant.

Third, much like his unjust-enrichment claim, Plaintiff's "breach-of-partnership" claim relies on a preliminary determination that cannot be made by his conclusory allegations. To establish that he's entitled to damages for this claim, Plaintiff must demonstrate that a partnership existed. But missing from the Complaint are any facts from which this Court could infer that a partnership existed. Plaintiff fails to reconcile this foundational issue in his response—not only does he fail to articulate a reason why an unexecuted draft could be breached by any defendant, but he also does not point to anywhere in the Complaint from which this Court could infer that he did anything more than share profits.

Finally, should this Court grant Plaintiff leave to amend his Complaint, it should do so with the caveat that he plead true facts establishing either his status as an employee or that a partnership existed. To do so, Plaintiff must be able to articulate why he was not a mere

independent consultant and what control he had over the business. Any amendment that relies on alleged profits alone or a conclusory allegation that Plaintiff was an employee would be a mere exercise in futility that this Court should not entertain.

## II. ARGUMENT

### A. Plaintiff cites and relies on the wrong legal standard.

For more than a decade, federal courts have applied the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to assess a complaint's sufficiency under Rule 8. *See, e.g.*, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014); *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1230 (D. Nev. 2020) (internal citations omitted). Under that standard, the plaintiff must allege "more than the mere possibility of misconduct"—he must plead "sufficient factual matter" that taken as true, permits a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 679. Mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" are insufficient. *Bell Atl. Corp.*, 550 U.S. at 555–56.

Plaintiff relies on a host of pre-*Twombly* and Nevada state court cases to argue that the Complaint meets Nevada's notice-pleading standard. ECF No. 12 at 5–6, 9. But "*Iqbal* and *Twombly* moved us away from a system of pure notice pleading. In addition to providing fair notice, the complaint's allegations must now suggest that the claim has at least a plausible chance of success." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (internal citations omitted). And as this Court has recognized, "[w]hile Nevada may be a notice pleading jurisdiction, this case is in federal court where the days of notice pleading are long gone." *Yoon v. Travelers Indem. Co.*, No. 2:20-cv-1507 JCM(EJY), 2021 WL 1968279, at *3 n.1 (D. Nev. May 17, 2021); *see Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp. 3d. 1269, 1277 (D. Nev. 2021).

Although many quibbles over the appropriate legal standard are mundane and perfunctory, Plaintiff's error here is significant because he relies on it to argue that this Court should not dismiss his claims unless "no set of facts" would entitle him to relief. ECF No. 12 at 5 (citation

1  omitted). While courts may consider whether any iteration of facts could cure a complaint's
2  errors in determining whether amendment is futile, the "no-set-of-facts" standard was abrogated
3  by *Twombly* for assessing a complaint's sufficiency under Rule 8. *See Henry v. Adventist Health*
4  *Castle Med. Ctr.*, 970 F.3d 1126, 1132 (9th Cir. 2020). Plaintiff's misplaced reliance on Nevada
5  law and an outdated federal pleading standard demonstrates that his belief that the Complaint
6  sufficiently puts the Defendants on notice or that the issues raised by the Motion "will be
7  answered" through discovery, are incorrect. As the Supreme Court explained, the plausibility
8  standard, though flexible, "does not unlock the doors of discovery for a plaintiff armed with
9  nothing more than conclusions." *Ashcroft*, 556 U.S. at 678–79.

**B.    Plaintiff's unjust-enrichment claim is insufficiently pled.**

Plaintiff has not demonstrated that his unjust-enrichment claim is anything more than conclusory speculation. Instead, Plaintiff relies on his recitation of the claim's elements to argue that Monument is "on notice" that he has raised an unjust-enrichment claim. But Rule 8 requires more. *Cf. Bank of N.Y. Mellon v. GR Invs., LLC*, No. 2:16-cv-1959-JCM-CWH, 2018 WL 2418542, at *5 (D. Nev. May 25, 2018) (dismissing an unjust-enrichment claim that "merely set[] forth conclusory allegations, without sufficient facts in support thereof, that the" defendant "benefited from [a] foreclosure sale and [Plaintiff's] property-related payments"). Plaintiff merely alleges that because he was paid less than what he claims he would have otherwise been paid, that Monument retained some benefit. *See* ECF Nos. 1-1 at ¶ 2; 12 at 8. But Plaintiff fails to connect a lower pay-rate to any facts that, if true, would show that he conferred a benefit on the Defendants or that Defendants unjustly accepted and retained that benefit.

As Defendants noted in the Motion, Plaintiff's unjust-enrichment claim depends on his ability to demonstrate that he was an employee of Monument. But Plaintiff's Complaint leaves out key facts to establish that relationship. For example, he has not alleged what his pay structure was nor does he plead any facts to explain why he believes the pay rate is 35% commission. Plaintiff has not even alleged that he was a Monument employee, what his job was, or what responsibilities he had that would entitle him to a 35% commission structure. In reality, Plaintiff's unjust-enrichment claim is likely threadbare because he cannot truthfully allege that he

4819-7978-7261

- 4 -

was a Monument employee. But even considering just the allegations in the Complaint, Plaintiff has not met his burden to show that he's entitled to relief on an unjust-enrichment claim.

Plaintiff also conflates his unjust-enrichment claim against Monument with his breach-of-partnership claim against Motzkus. Although he alleges in the Complaint that he's entitled to a commission rate of 35% from Monument should this Court determine that no partnership existed, he argues for the first time in his response that the 35% rate stems from a "breach of [a] contractual relationship." ECF No. 12 at 7. But he has not pointed to a single allegation in the Complaint from which this Court could infer that he was a Monument employee. More importantly, he has not alleged that even if he was a Monument employee, that the employment relationship between he and Monument was contractual. Plaintiff's unjust-enrichment claim instead is just a mere recitation of the elements. At best "the complaint has alleged—but it has not shown—that [Plaintiff] is entitled to relief," *Ashcroft*, 556 U.S. at 679 (internal quotation marks and brackets omitted), and this Court should dismiss it.

C.   **Plaintiff's breach-of-partnership claim is conclusory.**

Plaintiff's "breach-of-partnership-agreement" claim also relies on a series of unclear "ifs" that are left unresolved by the allegations in his Complaint. His argument appears to be that the unexecuted agreement is somehow enforceable and if it's not, then his receipt of some distributions show that a partnership existed. Unfortunately, Plaintiff's response leaves more questions than answers about the alleged partnership.

Plaintiff's response fails to clarify how Motzkus could have breached the draft agreement. Plaintiff alleges that "if a partnership . . . exist[ed]" between him and Motzkus, then any "fail[ure] to return" Plaintiff's "initial capital contribution" is a breach of the written agreement. ECF No. 1-1 at ¶ 8. But it's wholly uncertain why an unexecuted draft of an agreement to form an LLC entitles Plaintiff to relief or imposes any obligation on Motzkus that he could have breached. Importantly, the Complaint alleges that the unexecuted agreement is a draft of an agreement to form "Monument Title of Nevada, LLC"—not an executed agreement that bound Motzkus to pay Plaintiff any sum of money. Instead, the unexecuted agreement and the fact that the company was never formed demonstrate that the parties never intended to form an entity from which

1  Plaintiff would be entitled to any share.

2  It's also unclear whether Plaintiff alleges a stake in the unformed "Monument Title of
3  Nevada, LLC," Monument Title Insurance, Inc., or a new common-law partnership.  Instead, he
4  generally contends that the distributions he received came "from the operations of the joint
5  venture" and that this Court should attempt to figure out what the joint venture is based on "the
6  context and placement of the paragraphs along with the rest of the Complaint." ECF No. 12 at 6.
7  But that guessing game does little to resolve the principle issue of what factual allegations
8  underlie Plaintiff's claim that a partnership existed.  And despite the Complaint seeking damages
9  stemming from Plaintiff's claimed 49% interest in some agreement with Motzkus only, Plaintiff
10 now claims that he "is entitled to a share of the profits from Defendant Monument's Nevada
11 operations." ECF No. 12 at 7.  These inconsistencies fall short of Rule 8's requirements.

12 As the Complaint makes clear, Plaintiff's theory relies on this Court finding that a
13 partnership existed. *See* ECF No. 1-1 at ¶¶ 8, 9 (noting "[i]f a partnership is found to exist").  But
14 to do so, Plaintiff relies solely on allegations that he received some distributions and a single
15 conclusory reference to "losses" that he "shared." *See* ECF No. 1-1 at ¶ 7.  Plaintiff has not
16 offered any facts to substantiate his claim that he shared in any losses.  And more importantly,
17 "[a]lthough the sharing of profits and losses is prima facie evidence of a partnership, the issue of
18 control is the more important criterion in determining the existence of a partnership." *Shaw v.*
19 *Delta Airlines, Inc.*, 798 F. Supp. 1453, 1456 (D. Nev. 1992) (quoting *Thomas v. Price*, 718 F.
20 Supp. 598, 605–06 (S.D. Tex. 1989)).  As Defendants noted in the Motion, determining whether a
21 partnership existed requires an assessment of several factors that center around the parties'
22 conduct.  But missing from the Complaint is any set facts from which this Court could infer that
23 the parties intended "to do the things that the law will consider a partnership." *Shaw*, 798 F.
24 Supp. at 1455 (citing *In re Western World Funding, Inc.*, 52 B.R. 743, 777 (D. Nev. 1985)).
25 Simply put, Plaintiff has failed to point to anywhere in the Complaint where he has *shown* that he
26 is entitled to relief.

27 ///

28 ///

**D.     Leave to amend would be futile.**

Plaintiff seeks leave to amend his Complaint should this Court find that the Complaint is insufficiently pled.  While Rule 15 instructs to freely grant leave to amend, Fed. R. Civ. P. 15(a)(2), courts are not required to do so and "leave to amend may be denied if it appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).  Although a court considers five factors to determine whether leave to amend is appropriate, "[f]utility alone can justify denial of a motion to amend."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)).  Amendment may be futile where "proposed amendments are either duplicative of existing claims or patently frivolous, or both."  *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

While Plaintiff may be able to cure some errors in his Complaint, should this Court grant him leave to amend, it should do so narrowly.  This Court should not grant Plaintiff leave to amend his Complaint unless he can plead true facts that show that he did more than share profits in an alleged partnership.  If Plaintiff's only basis to assert that a partnership existed is that he received a distribution of profits, then he cannot, as a matter of law, state a breach-of-partnership claim.  Similarly, because Plaintiff has made his unjust-enrichment claim contingent upon his ability to demonstrate that he was a Monument employee, if Plaintiff cannot plead true facts establishing that employment relationship or that show he was entitled to a pay rate of 35% commission, amendment of his unjust-enrichment claim would be futile.

### III.     CONCLUSION

The Complaint fails to show that Plaintiff is entitled to relief for either of his claims. Plaintiff cannot swing open the doors of discovery by merely cherry-picking a few lines from

///
///
///
///
///
///
///

Nevada law and hoping that this Court will do the rest of the work for him.  This Court should thus grant the Motion and dismiss Plaintiff's Complaint.

Dated:  October 18, 2021                                         SNELL & WILMER L.L.P.

                By: /s/ *Christian P. Ogata*
                    Paul W. Shakespear, Esq.
                    Aleen A. Dhalla, Esq.
                    Christian P. Ogata, Esq.
                    3883 Howard Hughes Parkway, Suite 1100
                    Las Vegas, Nevada  89169

                    *Attorneys for Defendants Monument Title Insurance, Inc. and Ronald A. Motzkus*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of the Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 18th day of October 2021.

                                                            */s/ Gaylene Kim-Mistrille*
                                                       An employee of SNELL & WILMER L.L.P.