UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER POLL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RONALD A. MOTZKUS, et al.,<br><br>　　　　Defendant. | Case No. 2:21-cv-01591-JCM-NJK<br><br>**ORDER**<br><br>[Docket No. 28] |

Pending before the Court is the parties' proposed discovery plan, Docket No. 28, which fails on many levels.

First, as already noted by the magistrate judge previously assigned to the case, the discovery plan is long, long, long overdue. *See* Docket No. 28. It appears from the docket, however, that the parties held a Rule 26(f) conference roughly ten months ago, *see* Docket No. 25, and were already engaged in at least the exchange of disclosures, if not also discovery, during that time period, *see* Docket No. 26. Given that it appears discovery efforts were previously underway, it is not clear that the parties need a full discovery period at this late juncture.

Second, the parties seek a nine-month discovery period calculated from the date they filed the discovery plan. *See* Docket No. 28 at 1.[1] The discovery plan, however, complies with <u>none of the requirements for seeking special scheduling review</u>. Local Rule 26-1(a). That shortcoming includes the most basic failure of explaining why more than the presumptively reasonable period

---

[1] The local rules require the discovery period to be measured from the first appearance of a defendant. *See, e.g.*, Local Rule 26-1(b)(1). The motion to dismiss in this case was filed nearly three years ago. Docket No. 4. Given the currently unexplained failure to file a discovery plan sooner, the ship appears to have sailed on any ability to calculate discovery from the date of the first appearance. For purposes of this order, therefore, the Court is calculating the discovery period from the date the discovery plan was belatedly filed.

of 180 days is necessary, which (as discussed above) is particularly pronounced given that it appears a Rule 26(f) conference and some information exchange happened already.

In light of the circumstances, the Court **DENIES** the proposed discovery plan without prejudice. Given the unusual circumstances of the case, the Court hereby **ORDERS** as follows: (1) all counsel of record (Christen Edward Whitney, Jay Shafer, Robert Reade, Aleem Dhalla, Paul Shakespear, and Christian Ogata) must read Local Rules 26-1(a) and 26-1(b); (2) a renewed discovery plan must be filed by May 7, 2024; (3) the renewed discovery plan must strictly comply with the local rules, including those applicable to seeking special scheduling review; (4) the renewed discovery plan must certify that all counsel of record have read Local Rules 26-1(a) and 26-1(b) as ordered above; and (5) the renewed discovery plan must identify with particularity the disclosures and any discovery already completed, including specifying the date of those disclosures and any discovery.

IT IS SO ORDERED.

Dated: April 30, 2024

Nancy J. Koppe
United States Magistrate Judge